UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| ADVANCED TELECOMUNICATION ) | Case No. 6:03-bk-00299-KSJ |
| NETWORK, INC., ) | Chapter 11 |
| ) | |
| Debtor. ) | |

| | |
|---|---|
| ADVANCED TELECOMMUNICATION ) | |
| NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary No. 6:05-ap-00006-KSJ |
| ) | *consolidated with* |
| FLASTER/GREENBERG, PC, *et al.*, ) | Adversary No. 6:11-ap-00008-KSJ |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM OPINION GRANTING
# PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff and Reorganized Debtor, Advanced Telecommunication Network, Inc. ("ATN"), asks to amend for a second time its fraudulent transfer complaint against the Defendants, the law firm Flaster/Greenberg, PC and attorney Peter Spirgel.[1] ATN's proposed amendment updates and corrects allegations consistent with recent court rulings and, more significantly, adds claims arising under the Tort of Another Doctrine for attorney fees incurred by ATN in a prior adversary proceeding.[2] Defendants object only to ATN's additional claims for attorney fees.[3] The Court will allow the requested amendment.

---

[1] Doc. No. 124. Plaintiff voluntarily dismissed Defendant Steven Sacharow. Doc. No. 91.
[2] Doc. No. 124, Ex. A at p. 25.
[3] Defendants' Response, Doc. No. 126; Defendants' Supplemental Response, Doc. No. 129; Defendants' Surreply to Plaintiff's Supplemental Reply, Doc. No. 131.

In 2005, ATN filed its initial complaint to recover payments made by ATN for legal fees paid to the Defendants as alleged fraudulent transfers.[4] ATN paid these attorney fees to the Defendants as part of shareholder dispute settlement between two shareholders—the Defendants' then-client Daniel Allen and a separate shareholder Gary Carpenter. ATN claims that, as part of the settlement, Allen and Carpenter agreed to use ATN's funds to pay the legal fees Allen owed to the Defendants even though ATN was insolvent. ATN now also seeks to recover the $6 million settlement payment that flowed through the Defendants and to Allen and his brother, David Allen.[5]

ATN filed an earlier fraudulent transfer adversary proceeding against Daniel and David Allen in 2003 (the "Allen Adversary Proceeding").[6] In 2011, the Allen Adversary Proceeding concluded. The settlement payment of $6 million was avoided as a constructively fraudulent transfer, but *no* actual fraud by either of the Allens was established.[7]

This adversary proceeding was abated during the many years and multiple appeals required to conclude the Allen Adversary Proceeding.[8] In 2013, ATN "restarted" this adversary proceeding against Daniel Allen's lawyers and filed its first Amended Complaint.[9] The Court later partially granted Defendants' motion to dismiss ATN's Amended Complaint, dismissing ATN's actual fraudulent transfer counts based on collateral estoppel.[10] The dismissal of these counts, in addition to the court's consolidation of this adversary proceeding with a separate adversary proceeding filed by ATN against the Defendants, prompted ATN's operative

---

[4] Doc. No. 1. In addition to its fraudulent transfer counts, Counts I through VII, ATN's complaint also contains counts for aiding and abetting breach of fiduciary duty (Count VIII) and civil conspiracy (Count IX) under New Jersey law. Doc. No. 124, Exhibit A.
[5] Doc. No. 124, Ex. A at pgs.15–16.
[6] Adversary No. 6:03-ap-00122-KSJ.
[7] *See In re Advanced Telecomm. Network, Inc.*, No. 6:03-BK-00299-KSJ, 2009 WL 2169735, at *1 (Bankr. M.D. Fla. July 10, 2009) *amended*, No. 6:03-BK-00299-KSJ, 2010 WL 273428 (Bankr. M.D. Fla. Jan. 15, 2010).
[8] Doc. No. 27.
[9] Doc. No. 52.
[10] Doc. Nos. 71 & 72.

Amended Consolidated Complaint.[11]

ATN now seeks leave to amend its complaint again primarily to seek payment of ATN's substantial attorney fees incurred in prosecuting the Allen Adversary Proceeding.[12] Defendants only object to ATN's additional claim of attorney fees incurred in the Allen Adversary Proceeding under the Tort of Another doctrine, alleging the amendment is futile.

After a defendant has filed a responsive pleading, Federal Rule of Civil Procedure 15 states that a plaintiff may amend its complaint "only with the opposing party's written consent or the court's leave."[13] Rule 15 also provides that "[t]he court should freely give leave when justice so requires."[14] "Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment."[15] "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal."[16]

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied."[17] To survive dismissal, a complaint must merely state sufficient facts, accepted as true, "to state a claim to relief that is plausible on its face."[18] The issue then is whether ATN's allegations under the Tort of Another Doctrine are plausible on its face.

The Tort of Another doctrine, or the third-party exception to the American Rule, was

---

[11] Doc. No. 88.
[12] Doc. No. 124.
[13] Fed. R. Civ. P. 15(a)(2).
[14] *Id.*
[15] *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) (citing *Maynard v. Bd. of Regents of Div. of Univs. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003)).
[16] *Id.* (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).
[17] *Brick v. Unum Life Ins. Co. of Am.*, No. 205CV81FTM-29DNF, 2005 WL 5950106, at *3 (M.D. Fla. Oct. 13, 2005) (citations omitted).
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *accord Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010).

described by the Supreme Court of New Jersey, whose law controls, in *DiMisa v. Acquaviva*[19]:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.[20]

The doctrine is an exception to the general American Rule, which requires parties are to pay their own legal fees.[21] The Tort of Another doctrine shifts liability for attorney fees to a tortious wrongdoer and "reflects the principle that those fees incurred in an action against a third party are merely an additional element of 'damages flowing from the tort.'"[22] Because the attorney fee damages in the third-party case are treated as damages flowing from the defendant's wrongful acts, a prerequisite to an attorney fee award under the Tort of Another doctrine is litigation with a third party precipitated by the defendant's wrongful act.[23]

Here, ATN claims that the Defendants maliciously conceived the Settlement Agreement and helped the Allens' conceal their assets causing ATN to file the Allen Adversary Proceeding and incur substantial attorney fees. Under the Tort of Another doctrine, ATN seeks attorney fees it incurred in the Allen Adversary Proceeding as damages directly caused by the Defendants' wrongful advice and actions.

Defendants argue ATN can never recover under any plausible scenario because (1) the Tort of Another doctrine only applies to "uninterested" third parties, and (2) ATN is estopped from taking positions inconsistent with its allegations in the Allen Adversary Proceeding. The Court disagrees, at least at this stage in the litigation.

---

[19] 969 A.2d 1091 (N.J. 2009).
[20] *DiMisa v. Acquaviva*, 198 N.J. 547, 554, 969 A.2d 1091, 1095 (2009).
[21] *See Right to Choose v. Byrne*, 91 N.J. 287, 316, 450 A.2d 925 (N.J. 1982) (citing *Gerhardt v. Cont'l Ins. Cos.*, 48 N.J. 291, 301, 225 A.2d 328 (N.J. 1966)).
[22] *DiMisa*, 969 A.2d at 1095 (citations omitted).
[23] *See id.* at 1096.

Defendants' argument that the required third-party suit must have been brought against a "disinterested" or "unrelated" party is not accurate. In *DiMisa*, the New Jersey Supreme Court expressly cited the doctrine's use against actual co-defendants, so long as the litigation was caused by the defendant's wrongful acts from whom the plaintiff seeks attorney fees.[24]

Indeed, in a case the *DiMasa* court relied on, *Jugen v. Friedman*,[25] the court expressly permitted the plaintiff to recover from the defendant Friedman, the wrongdoer, the costs of litigating with the other defendants, transferees of Friedman's fraudulent transfers.[26]  There, Friedman, the tort teasor, transferred assets to his wife and children.  The New Jersey Superior Court held that the primary tortfeasor and transferor was responsible for attorney fees incurred by the plaintiff in avoiding and in recovering assets transferred to the family members, who were co-defendants and certainly *not* disinterested parties or "strangers."

ATN's new allegations fit tightly within the Tort of Another doctrine. ATN alleges the Defendants' advice caused Allen to settle his lawsuit against Carpenter, relying upon ATN to pay the $6 million settlement and to pay the Defendants' fees. ATN also alleges the Defendants specifically referred Daniel Allen to an asset protection firm because they knew a future trustee or creditor may seek to avoid the transfers. And, allegedly, because of this plan devised by the Defendants, ATN's efforts to avoid and recover the fraudulent transfers from Allen were continuously stymied and prolonged.  In accord with the Tort of Another doctrine, ATN alleges the Defendants' wrongful actions caused ATN to incur attorney fees in the Allen Adversary Proceeding.  Whether ATN actually can *prove* the Defendants caused the damages in the Allen Adversary Proceeding, and how much of the fees Defendants are responsible for, is a separate

---

[24] *Id.* at 1095–96 (citing *Jugan v. Friedman*, 275 N.J. Super. 556, 646 A.2d 1112 (App. Div. 1994)).
[25] *Jugan v. Friedman*, 275 N.J. Super. 556, 646 A.2d 1112 (App. Div. 1994), *abrogated by Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 876 A.2d 253 (2005) (abrogating *Jugan*'s use of the "creditor fraud" cause of action but not disturbing any holdings relating to the third-party exception to the American Rule).
[26] *Id.* at 1120.

matter entirely and not one to be resolved at this juncture.[27] ATN's Second Amended Complaint states a plausible claim to recover attorney fees from the Defendants under the Tort of Another doctrine.

Defendants next argue judicial estoppel prevents ATN from taking a position inconsistent in this present adversary proceeding from the one it took in the Allen Adversary Proceeding. This argument incorporates matters outside the pleadings—the complaint ATN filed in the Allen Adversary Proceeding. The Court will consider the Defendants' judicial estoppel arguments if and when asked in a motion for summary judgment.

The Court grants ATN's motion for leave to amend and overrules the Defendants' limited objection to the addition of the claim for attorney fee damages. Plaintiff shall separately file its Second Amended Complaint no later than **April 10, 2015**. Defendants shall answer the Second Amended Complaint by **May 1, 2015**. A pretrial conference is scheduled this adversary proceeding for **2:00 p.m. on July 30, 2015**, in Courtroom A, Sixth Floor, 400 West Washington Street, Orlando, Florida 32801. A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on March 31, 2015.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Jason Baruch, attorney for Debtor, is directed to serve a copy of this Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Memorandum Opinion.

---

[27] Defendants devote a portion of their objection and supplemental objection to arguing their services did not cause the Allen Adversary Proceeding and that the Allen Adversary Proceeding was not a foreseeable result of their actions. These arguments are reserved to another day.