UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| ADVANCED TELECOMUNICATION ) | Case No. 6:03-bk-00299-KSJ |
| NETWORK, INC., ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ADVANCED TELECOMMUNICATION ) | |
| NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary No. 6:05-ap-00006-KSJ |
| ) | *consolidated with* |
| FLASTER/GREENBERG, PC, *et al.*, ) | Adversary No. 6:11-ap-00008-KSJ |
| ) | |
| Defendants. ) | |
| ) | |

### **MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR JURY TRIAL**

Plaintiff and Debtor, Advanced Telecommunication Network, Inc. ("ATN"), demands a jury trial on its complaint against the Defendants, the law firm Flaster/Greenberg, PC and attorney Peter Spirgel.[1] ATN initially filed its demand for a jury trial[2] with a motion to withdraw the reference.[3] The District Court[4] ultimately denied ATN's request to withdraw the reference ruling ATN's request for jury trial alone does not warrant withdrawal of the reference.[5] Bankruptcy courts can properly handle all pre-trial matters, according to the District Court,

---

[1] Plaintiff voluntarily dismissed Defendant Steven Sacharow. Doc. No. 91.
[2] Doc. No. 66, filed on January 22, 2013, and *amended by* Doc. No. 89. ATN subsequently filed a Renewed Motion to Withdraw the Reference. Doc. No. 101. Defendants filed a response to the renewed motion. Doc. No. 103.
[3] Doc. No. 67, *amended by* Doc. No. 90.
[4] District Court refers to the United States District Court for the Middle District of Florida.
[5] Doc. No. 112, entered on June 4, 2014.

including determining whether the Plaintiff is entitled to a jury trial.[6]

On March 7, 2013, before the District Court ruled on ATN's withdrawal request, the parties stipulated that the Defendants "agree that ATN is entitled to a jury trial on its legal claims."[7] The "legal claims" refer to Counts VIII and IX of the Plaintiff's Amended Consolidated Complaint.[8] ATN's Count VIII raises a claim of Aiding and Abetting Breach of Fiduciary Duty under New Jersey common law, that survived the Defendants' Motion to Dismiss.[9] ATN's Count IX pursues claims based on Civil Conspiracy and also survived the Defendants' Motion to Dismiss. The Court determined "New Jersey allows civil conspiracy claims to be pursued against attorneys who knowingly agree to aid their clients in violating the Uniform Fraudulent Transfers Act."[10]

Because these legal claims—to which the Defendants stipulate ATN is entitled to a jury trial—are so intertwined and dependent upon ATN's remaining Counts I through VII, the Court concludes that ATN is entitled to a jury trial on **all** Counts. ATN filed its initial Complaint to recover legal fees paid to the Defendants and a $6 million dollar settlement paid to its client, Daniel Allen, after resolving a shareholder dispute involving Gary Carpenter and ATN.[11] Counts I through VII seek to avoid and recover these payments under the New Jersey Uniform Fraudulent Transfer Act (UFTA). ATN, as discussed above, asserts New Jersey common law claims in counts VIII and IX.

The Seventh Amendment of the United States Constitution provides for the right to trial

---

[6] *Id.* at 5–6.
[7] Doc. No. 123, Exhibit A.
[8] Although these Counts are not explicitly referenced in the Stipulation, the Defendants acknowledge that Counts VIII and XI are the "legal claims" considered by the Stipulation. Doc. No. 93 at 3.
[9] Memorandum Opinion Partially Granting Defendants' Motion to Dismiss. Doc. No. 71.
[10] *Id.* at 7–8 (citing *Banco Popular N.A. v. Gandi et al.*, 876 A.2d 253, 261–64 (N.J. 2005)).
[11] Doc. No. 1. ATN filed the operative Amended Consolidated Complaint on March 29, 2013. Doc. No. 88. By separate order, the Court is allowing ATN to again amend its Complaint. Doc. Nos. 134, 135. For purposes of determining ATN's right to a jury trial, however, the Second Amended Complaint does not materially vary from its earlier version.

by jury for all "Suits at common law where the value in controversy shall exceed twenty dollars."[12] The United States Supreme Court has fashioned a complicated and ambiguous two-prong test to determine whether a litigant is entitled to a trial by jury under the Seventh Amendment.[13]

The Court needs not explore the bounds of that complex test today because the parties already have stipulated that ATN *is* entitled to a jury trial on Counts VIII and IX. Even assuming ATN's remaining claims *are* equitable claims for which no right to a jury trial lies, ATN's complaint is a "mixed bag of both legal and equitable claims."[14] And "[w]hen an action involves a combination of both legal and equitable claims, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'"[15] A non-jury fact-finder simply cannot usurp the role of the jury when the legal and equitable claims are factually intertwined.

So, the issue here becomes whether Counts VIII and IX of ATN's complaint involve "issues common to" Counts I through VII because "only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims."[16] The Court easily finds common issues among all Counts, but particularly Count IX and Counts I through VII.

Under Count IX's civil conspiracy claim, the fact-finder must determine the Defendants' level of involvement in orchestrating the alleged fraudulent transfers. As stated by the New Jersey Supreme Court:

---

[12] U.S. Const. Amend. VII.
[13] *See, e.g.*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989).
[14] *In re Seminole Walls & Ceilings Corp.*, 336 B.R. 539, 546 (Bankr. M.D. Fla. 2006).
[15] *Id.* (quoting *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550, 110 S. Ct. 1331, 1335, 108 L. Ed. 2d 504 (U.S. 1990)); *accord Burns v. Lawther*, 53 F.3d 1237, 1242 (11th Cir. 1995).
[16] *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11, 79 S. Ct. 948, 957, 3 L. Ed. 2d 988 (1959).

> [A] creditor in New Jersey may bring a claim against one who assists another in executing a fraudulent transfer. Such an action would require the creditor to prove that the conspirator agreed to perform the fraudulent transfer, "which, absent the conspiracy, would give a right of action" under the UFTA. A creditor asserting a claim against a conspirator must satisfy the agreement and knowledge aspects of civil conspiracy *and all of the underlying components of a UFTA claim*: An unwitting party may not be liable under a conspiracy theory. Civil conspirators are jointly liable for the underlying wrong and resulting damages.[17]

To prevail on its Count IX, ATN must establish "all of the underlying components of a UFTA claim."[18] Further, under the Supreme Court's mandate in *Beacon Theatres*, this Court cannot usurp the province of the jury to determine all aspects of the legal civil conspiracy claim by determining ATN's fraudulent transfer claims.[19] Judicial efficiency requires that ATN's interrelated claims be tried at one jury trial instead of a disjointed combination bench trial and jury trial. It would be a complete waste of judicial resources to hold a bench trial on some claims that must be determined again by a jury.

The Court finds ATN is entitled to a jury trial on **all** claims. ATN's Amended Motion for Jury Trial[20] is granted. A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

**DATED:** March 31, 2015.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Roberta Colton, Attorney for Debtor, is directed to serve a copy of this Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Memorandum Opinion.

---

[17] *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 178, 876 A.2d 253, 263 (2005) (internal citation omitted) (emphasis added).
[18] *Id.*
[19] *See Beacon Theatres*, 359 U.S. at 510–11; *Burns v. Lawther*, 53 F.3d 1237, 1241–42 (11th Cir. 1995).
[20] Doc. No. 89.